Opinion issued May 3, 2007






 











In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00952-CR






RAMON LORENZO DAVID, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 185th District Court

Harris County, Texas

Trial Court Cause No. 899637






MEMORANDUM OPINION

 Appellant, Ramon Lorenzo David, appeals the trial court's denial of his
application for writ of habeas corpus brought pursuant to Texas Code of Criminal
Procedure article 11.08. See Tex. Code Crim. Proc. Ann. art. 11.08 (Vernon 2005). 
In three issues, appellant argues (1) that trial counsel's failure to preserve the
testimony of appellant's sole corroborating witness after the trial court determined
that she had violated its sequestration order and precluded her from testifying was
prejudicially ineffective and (2) that his right to call witnesses under the Sixth
Amendment and his right to a fair trial under the Fifth and Fourteenth Amendments
were violated when the court precluded that witness from testifying.

 We affirm.

Facts and Procedural History

 At the time of the offense, appellant was dating Sonja Loyola, the grandmother
of the six-year-old complainant, C.R. C.R. and her twin sister, S.R., often spent the
night at their grandmother's apartment. In September 2005, the twins' mother
dropped them off at Loyola's apartment for the night. At some point during their
stay, appellant inserted his finger into C.R.'s vagina while he and C.R. were lying
under the covers on the bed watching television. C.R. told S.R. what had happened
but told no one else until her mother arrived the next day. 

 Appellant was charged with the aggravated sexual assault of C.R. At trial,
soon after the State began its opening statement to the jury, appellant's trial counsel
invoked the sequestration rule ("the rule"). (1) All witnesses, including Loyola, were
sworn in, and the trial court admonished them to wait outside the courtroom until
called to testify and not to discuss the case with anyone other than the lawyers in the
case.

 During her direct examination of her fifth witness, the prosecutor informed the
trial court that Loyola was sitting in the courtroom. At this statement, Loyola got up
and left. When appellant's trial counsel attempted to call Loyola as his first witness,
the State indicated to the court that Loyola had violated the rule and the court's
admonitions and requested a hearing. The jury exited the courtroom and the court
held a contempt hearing.

 At the contempt hearing, the State called Virginia Almanza-Cerda, an outreach
counselor who had been working with the complainant's family. Almanza-Cerda
testified that the day before, as she was standing in the hallway outside the courtroom
during a break in appellant's trial, she overheard Loyola say to appellant, "They
didn't see anything. How could she see anything if it was under a blanket? How
could she see that?" Based on appellant's gestures, Almanza-Cerda determined that
Loyola and appellant were discussing what had just happened in the courtroom. 
Jaime David, appellant's brother also testified. According to his testimony, at some
point in the trial, he left the courtroom and Loyola asked him what was going on
inside the courtroom. Jaime responded, "Well, the only strange thing I heard in there
was that the little kid says she saw [appellant] playing with her sister under the sheet." 
 The State next called Loyola. Although she did not remember speaking to
Jaime in the hall outside the courtroom, Loyola admitted that she and appellant had
discussed his case the night before: 

 [STATE]: Did [appellant] tell you what was happening here in
the courtroom?


 [LOYOLA]: He said: It's just lies and it's not the truth.


 [STATE]: And did he tell you specifically what they had said
about the covers and the hands under the covers?


 [LOYOLA]: Yes, that one of them said that she had seen
something under the cover.


 [STATE]: And [appellant] told you about that after - during
the break?


 [LOYOLA]: No, he told me at home.


 [STATE]: He told you at home? Did y'all talk about this case
last night at home?


 [LOYOLA]: Yes, we did. He said that he was very upset and he
was - it was not the truth that is what was said.

 . . . .


 [STATE]: He did repeat some of the things the girls said,
didn't he?






 [LOYOLA]: No. The only thing he had told me about was he
was very upset and that's - the only thing he said
was that the other baby said something about his
hand moving under the cover.


 At the conclusion of the contempt hearing, the trial court found Loyola to be
in violation of the rule and determined that she would not be allowed to testify if the
defense chose to call her as a witness, found her in contempt, and ordered her to be
taken into custody. The court also found that appellant had violated the rule, but took
it under advisement whether to hold him in contempt, pending the outcome of the
trial.

 The trial continued without the testimony of Loyola, and the jury ultimately
convicted appellant of aggravated sexual assault and assessed his punishment at
10 years' imprisonment and a $10,000 fine. The trial court suspended the imposition
of his jail sentence and placed appellant on community supervision. In an unreported
1999 opinion, the Eastland Court of Appeals reformed the trial court's judgment and
affirmed it as reformed. See David v. State, No. 11-96-00148-CR, 1999 WL
33743873 (Tex. App.--Eastland Jan. 14, 1999) (not designated for publication),
rev'd, No. 386-99 (Tex. Crim. App. Aug. 18, 1999) (not designated for publication). 
The Court of Criminal Appeals granted appellant's petition for discretionary review
in a per curiam unpublished opinion, and reversed and remanded the cause. See
David v. State, No. 11-96-00148-CR, 2000 WL 34234572, at *1 (Tex.
App.--Eastland Mar. 9, 2000, no pet.) (not designated for publication). On remand,
the Eastland Court of Appeals again reformed the trial court's judgment and affirmed
it as reformed. See id. 

 On December 26, 2001, appellant filed an application for habeas corpus with
the 185th District Court in Harris County alleging (1) that his right to call witnesses
under the Sixth Amendment and his right to a fair trial under the Fifth and Fourteenth
Amendments were violated when the court precluded Loyola from testifying in his
defense after determining that she had violated its sequestration order and (2) that
appellate counsel's failure to raise these issues on appeal constituted ineffective
assistance of counsel. In support of his application, appellant included an affidavit
from Loyola detailing the testimony she would have given had she been permitted to
testify. 

 On February 18, 2003, appellant was taken into custody by the Immigration
and Naturalization Service. On March 11, 2003, appellant filed a superseding
application for habeas corpus, alleging that trial counsel's failure to preserve Loyola's
testimony after the trial court precluded her from testifying was prejudicially
ineffective and that it deprived him of his right to call witnesses and his right to a fair
trial. In support of his application, appellant included Loyola's affidavit and his own
affidavit that he "did not consent to or know that Sonja Loyola David was sitting in
the courtroom during portions of [his] trial." Appellant also included an affidavit
from habeas counsel that habeas counsel had, on four separate occasions, attempted
to telephone appellant's trial counsel, but had been unable to reach him, that trial
counsel's address was not listed on the State Bar of Texas website, and that trial
counsel had been administratively suspended since September 6, 2002 for failing to
pay his bar dues. Appellant was deported on March 27, 2003. On October 8, 2003,
appellant filed a second affidavit from Loyola stating that appellant did not know she
was in the courtroom and that trial counsel did not talk to her before appellant's trial
about her testimony and was not aware that she was sitting in the courtroom during
some portions of the trial.

 On July 6, 2004, the trial court held a hearing on appellant's habeas
application. On August 10, 2005, the court denied the application. 

Analysis

 Ineffective Assistance of Counsel

 In his first issue, appellant argues that the trial court erred when it denied his
application for writ of habeas corpus on the basis of ineffective assistance of counsel. 
More specifically, appellant contends that trial counsel's failure to preserve the
beneficial testimony of Loyola, his sole corroborating witness, who was precluded
from testifying after violating the sequestration rule, was prejudicially ineffective. 

 We evaluate the effectiveness of counsel under the two-pronged test enunciated
in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). See Ex parte
White, 160 S.W.3d 46, 49 (Tex. Crim. App. 2004). First, the appellant must show
that trial counsel's representation fell below an objective standard of reasonableness. 
Strickland, 466 U.S. at 688, 104 S. Ct. at 2064; Ex parte White, 160 S.W.3d at 51. 
To prove this deficiency in representation, the defendant must demonstrate that his
counsel's performance deviated from prevailing professional norms. Strickland, 466
U.S. at 688, 104 S. Ct. at 2065; Cardenas v. State, 30 S.W.3d 384, 391 (Tex. Crim.
App. 2000). Second, the appellant must show prejudice. Strickland, 466 U.S. at 687,
104 S. Ct. at 2064; Ex parte Chandler, 182 S.W.3d 350, 354 (Tex. Crim. App. 2005). 
This requires the defendant to show that there is a reasonable probability that, but for
his trial counsel's unprofessional errors, the result of the proceeding would have been
different. Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. A reasonable probability
is a probability sufficient to undermine confidence in the outcome. Id. at 694, 104
S. Ct. at 2068. The failure to satisfy one prong of the Strickland test negates a court's
need to consider the other. See id. at 697, 104 S. Ct. at 2069.

 Under the Texas Rules of Evidence, error in the exclusion of evidence may not
be challenged on appeal unless the proponent perfected an offer of proof or a bill of
exception. Tex. R. Evid. 103(a)(2); Guidry v. State, 9 S.W.3d 133, 153 (Tex. Crim.
App. 1999). Here, appellant's trial counsel failed to preserve Loyola's testimony
after the trial court precluded her from testifying because she had violated its
sequestration order. Thus, trial counsel's failure to make an offer of proof prevented
appellant from arguing on direct appeal that the trial court had erred when it
precluded Loyola from testifying in appellant's defense. See Tex. R. Evid. 103(a)(2);
Guidry, 9 S.W.3d at 153. Regardless of whether trial counsel's failure to make an
offer of proof resulted in a deficient representation, this failure was not prejudicial
because the trial court acted within its discretion when it precluded her from
testifying. See Strickland,466 U.S. at 697, 104 S. Ct. at 2069.

 Upon invocation by either party or by the trial court's own motion, Texas Rule
of Evidence 614 mandates the exclusion of witnesses "so that they cannot hear the
testimony of other witnesses." Tex. R. Evid. 614. The rule serves two purposes:
(1) it prevents witnesses from consciously or unconsciously tailoring their testimony
to fit the testimony of other witnesses and (2) in the case of witnesses testifying for
the same side, it enhances the jury's ability to detect falsehood by exposing
inconsistencies in their testimony. Tell v. State, 908 S.W.2d 535, 540 (Tex.
App.--Fort Worth 1995, no pet.). Before a defense witness may be disqualified for
violating the rule, the defendant's constitutional right to call witnesses must be taken
into account. Webb v. State, 766 S.W.2d 236, 240 (Tex. Crim. App. 1989); Lopez v.
State, 960 S.W.2d 948, 953 (Tex. App.--Houston [1st Dist.] 1998, pet. ref'd). Thus,
as a general rule, a witness should not be precluded from testifying solely on the
ground that the witness violated the rule. Lopez, 960 S.W.2d at 953.

 A trial court's decision to exclude a witness's testimony for violating the rule
is reviewed under an abuse of discretion standard. Id. A trial court abuses its
discretion if its ruling is outside the zone of reasonable disagreement. Id. The test
for determining whether a court properly exercised its discretion in excluding
testimony in this context is: (1) whether the "particular and extraordinary
circumstances" show that the defendant or his counsel "consented, procured,
connived or had knowledge of" a witness or potential witness who was in violation
of the rule and (2) if no particular circumstances existed to justify disqualification,
whether the testimony of the witness was crucial to the defense. Id. (citing Webb, 766
S.W.2d at 245).

 Here, the record reflects that Loyola first violated the rule by sitting in the
courtroom during the testimony of another witness. This violation, however, would
be insufficient grounds to justify excluding her testimony because nothing in the
record suggests that appellant or trial counsel consented, procured, connived, or had
knowledge of this violation until the State notified the court of her presence in the
courtroom. See Lopez, 960 S.W.2d at 953. The trial court also heard evidence that
Loyola asked appellant's brother, Jaime, what was happening in the courtroom. This
evidence also would be insufficient grounds to justify excluding her testimony
because nothing in the record suggests that appellant or trial counsel consented,
procured, connived, or had knowledge of this violation until Jaime's testimony during
the contempt hearing. See id. 

 However, the trial court heard further evidence that Loyola violated the rule
when she spoke to appellant on two separate occasions about the trial. At the
contempt hearing, Almanza-Cerda testified that she saw Loyola and appellant talking
in the hallway regarding what had just happened in the courtroom. Loyola also
admitted that she and appellant had discussed the girls' testimony the night before,
and appellant had told her what the girls had said. Because appellant was complicit
in these violations, he necessarily had knowledge of them. See id. Thus, particular
and extraordinary circumstances existed that justified the trial court's exclusion of
Loyola's testimony. See id. The trial court, therefore, acted within its discretion
when it excluded her testimony, (2) and appellant has failed to meet his burden under
the prejudice prong of Strickland. See Strickland, 466 U.S. at 687, 104 S. Ct. at 2064;
Ex parte Chandler, 182 S.W.3d at 354.

 We overrule appellant's first issue.

 Right to Call Witnesses and Right to a Fair Trial

 In his second and third issues, appellant argues that his right to call witnesses
under the Sixth Amendment and his right to a fair trial under the Fifth and Fourteenth
Amendments were violated when the court precluded Loyola from testifying after
determining that she had violated the rule. We have already determined, however,
that the trial court acted within its discretion when it excluded Loyola's testimony. 
Thus, it could not have violated appellant's right to call witnesses and his right to a
fair trial when it excluded Loyola's testimony.

 We overrule appellant's second and third issues.

Conclusion

 We affirm the trial court's denial of appellant's application for writ of habeas
corpus.



 

 Evelyn V. Keyes

 Justice


Panel consists of Justices Nuchia, Keyes, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).
1. See Tex. R. Evid. 614.
2. Lopez v. State, 960 S.W.2d 948, 953 (Tex. App.--Houston [1st Dist.] 1998, pet. ref'd).